United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 2, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 06-60436
Summary Calendar
_____

JENNETH TIFUH FONCHAM,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 635 307
--------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Cameroonian citizen Jenneth Tifuh Foncham petitions for review of the decision of the Board

of Immigration Appeals (BIA) dismissing her appeal from the decision of the Immigration Judge (IJ)

denying her motion to reopen her removal proceedings on the basis of ineffective assistance of

counsel. Foncham contends that the IJ should have deemed her motion unopposed and granted it;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that she was in substantial compliance with the procedural requirements of <u>Matter of Lozada</u>, 19 I. & N. Dec. 637 (BIA 1988); that application of the *Lozada* requirements to her case violates due process; and that application of the *Lozada* requirements violates equal protection by impeding her fundamental right to counsel by placing her in a disadvantageous position vis a vis aliens who are represented by accredited representatives.

The IJ was not required to grant Foncham's unopposed motion to reopen. *See* 8 C.F.R. § 1003.23(b)(1)(iv). Foncham has failed to brief the issue whether she can make a prima facie showing that she would have obtained asylum or withholding of deportation but for the alleged ineffective assistance of counsel. She therefore has failed to show the prejudice required to succeed on her due process claims. *See Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Finally, Foncham has failed to show that requiring aliens who are represented by counsel to file complaints with the relevant disciplinary authorities singles out a particular group for discriminatory treatment or impermissibly interferes with a fundamental right. *See Hatten v. Rains*, 854 F.2d 687, 690 (5th Cir. 1988); *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988).

PETITION DENIED.